1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM MAY ATHERTON,

11          Petitioner,                    No. CIV S-08-0555 GEB EFB P

12       vs.

13   MIKE KNOWLES,

14          Respondent.              ORDER

15   _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17   U.S.C. § 2254.  Petitioner challenges his Placer County Superior Court conviction of failing to

18   register as a sex offender.  Dckt. No. 7 at 2 (Amended Petition).  Specifically, petitioner claims

19   he received ineffective assistance of counsel because his attorney failed to introduce evidence

20   that petitioner had registered as a sex offender in Kentucky, which petitioner contends, could

21   have convinced the judge to strike petitioner's prior convictions.  *Id.* at 6.

22          Petitioner has informed the court that he is trying to locate the "missing Registration form

23   from Kentucky," in order to support his argument that even though his registration was late, he

24   did in fact register and was not hiding from authorities.  Dckt. No. 36.  Petitioner has requested

25   permission to conduct discovery, so that he can obtain the missing registration form "and any

26   other document that may [be] relevant to this case," from his trial attorney, David Brooks.  Dckt.

1

1  Nos. 29, 37.  As respondent points out, however, petitioner "has acknowledged that his trial file

2  has been destroyed and that Mr. Brooks does not have any documents relating to his case . . . ."

3  *See* Dckt. No. 38 at 2-3.  *See also* Dckt. No. 35 (petitioner's "Notice of Discovery") at 1, Ex. A

4  (explaining that petitioner's case file had been shredded).

5  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

6  discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather,

7  "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules

8  of Civil Procedure, and may limit the extent of discovery."  Rule 6(a), Rules Governing § 2254

9  Cases.  Whether a petitioner has established "good cause" for discovery requires the court to

10  determine the essential elements of the petitioner's substantive claim and evaluate whether

11  "specific allegations before the court show reason to believe that the petitioner may, if the facts

12  are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S.

13  at 904, 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

14  Based on the above, the court finds that petitioner has not shown good cause to engage in

15  discovery by issuing a third-party subpoenas duces tecum to Brooks.  As petitioner has

16  conceded, Brooks has nothing to produce.  If, at a later date, the court should determine that a

17  copy of the Kentucky registration form would assist in deciding whether petitioner is entitled to

18  relief, the court will direct the parties to brief the issue of whether petitioner should be permitted

19  to engage in discovery by issuing a third-party subpoenas duces tecum to an individual or entity

20  other than Brooks, i.e., the Kentucky State Police Sex Offender Registry.  *See* Dckt. No. 39, Ex.

21  B.  Petitioner may also continue with his efforts, independent of court assistance, to obtain the

22  requested document(s), and if successful, may lodge relevant documents with the court.

23  Petitioner has also requested that the court appoint counsel. Dckt. No. 39.  There

24  currently exists no absolute right to appointment of counsel in habeas proceedings.  *See Nevius v.*

25  *Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  The court may appointment counsel at any stage of

26  the proceedings "if the interests of justice so require."  *See* 18 U.S.C. § 3006A; *see also*, Rule

1  8(c), Rules Governing Section 2254 Cases.  The court does not find that the interests of justice

2  would be served by the appointment of counsel at this stage of the proceedings.

3       Accordingly, it hereby is ORDERED that:

4      1.  Petitioner's September 9, 2009 motion for discovery is denied;

5      2.  Petitioner's December 23, 2009 motion for appointment of counsel is denied.; and

6      3.  The amended petition for a writ of habeas corpus, filed June 5, 2008, stands submitted

7  for decision.

8  DATED:  June 23, 2010.

9                  EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26