IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM MAY ATHERTON,

      Petitioner,                         No. CIV S-08-0555 GEB EFB P

   vs.

MIKE KNOWLES,

      Respondent.                    FINDINGS AND RECOMMENDATIONS

_____/

     Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2004 Placer County Superior Court conviction on a charge of failing to register as a sex offender and seeks relief on the grounds that his trial counsel rendered ineffective assistance. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

////
////
////
////
////

1

## I. Procedural and Factual Background[1]

A jury convicted defendant William May Atherton of failing to register as a sex offender. (Pen.Code, § 290, subd. (g)(2).)[2] In a trial by court, the court found defendant had two prior strike convictions (§§ 667, subds.(b)-(I), 1170.12) and had served three prior prison terms (§ 667.5, subd. (b)).[3] Defendant was sentenced to state prison for 28 years to life.

* * *

**FACTS**

Defendant stipulated that he had been convicted of an offense for which was imposed a lifetime requirement to register as a sex offender; that at the time of the conviction he was advised of the lifetime requirement to register; and that on June 16, 1997, he was convicted of failure to so register.

Defendant registered 12 times at 11 different addresses, and each time he was told of the registration requirements, which included informing the registering agency with which he last registered of moving into a new jurisdiction, and informing the registering agency in the new jurisdiction of his address.

On May 22, 2001, defendant registered with the San Mateo County Sheriff's Office, listing his address as 3036 Glendale Avenue in Redwood City. On April 9, 2002, defendant informed the Department of Motor Vehicles that he had moved to 134 Main Street in Roseville, but defendant never registered with the Roseville Police Department. On May 27, 2002, San Mateo County Sheriff's deputies went to the Glendale Avenue address but were told defendant had moved to the Sacramento area. On June 7, 2002, an investigator with the Roseville Police Department went to the Main Street address and found defendant listed on the roster of people who lived at that address.

Defendant neither testified nor presented any evidence.

////

---

[1] In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary. Resp.'s Lodg. Doc. 4 (hereinafter Opinion), at 1-3.

[2] All further statutory references are to the Penal Code.

[3] The prior convictions were for a 1989 attempted murder and a 1985 forcible rape.

2

**II.     Analysis**

     **A. Standards for a Writ of Habeas Corpus**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. *Early v. Packer*, 537 U.S. 3, 7 (2002) (*citing Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

1 clearly established federal law erroneously or incorrectly. Rather, that application must also be
2 unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal
3 citations omitted) (it is "not enough that a federal habeas court, in its independent review of the
4 legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state
5 court's determination that a claim lacks merit precludes federal habeas relief so long as
6 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington
7 v. Richter*, 131 S. Ct. 770, 786 (2011).

8       If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing
9 court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*,
10 527 F.3d 919, 925 (9th Cir. 2008). *See also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008)
11 (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of §
12 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by
13 considering de novo the constitutional issues raised.").

14       The court looks to the last reasoned state court decision as the basis for the state court
15 judgment. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state
16 court decision adopts or substantially incorporates the reasoning from a previous state court
17 decision, this court may consider both decisions to ascertain the reasoning of the last decision.
18 *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim
19 has been presented to a state court and the state court has denied relief, it may be presumed that
20 the state court adjudicated the claim on the merits in the absence of any indication or state-law
21 procedural principles to the contrary." *Harrington*, 131 S. Ct. at 784-85 (2011). That
22 presumption may be overcome by a showing "there is reason to think some other explanation for
23 the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797,
24 803 (1991)). However, when it is clear that a state court has not reached the merits of a
25 petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a
26 /////

federal habeas court must review the claim de novo. *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Id.* Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

**B. Petitioner's Claims**

In four separately stated grounds for relief, petitioner raises the sole claim that his trial counsel rendered ineffective assistance at the sentencing proceedings by failing to support his *Romero* motion with evidence that petitioner had filed an untimely registration as a sex offender in Kentucky.[4] Pet. at 4-5, 15-23.[5] First, petitioner claims that his trial counsel rendered ineffective assistance when he "failed to present crucial, highly probative evidence that took [petitioner] 'outside the spirit of the Three Strike law.'" *Id.* at 4. Second, petitioner claims: "failure to provide the Superior Court with evidence the petitioner actually registed [sic] in Kentucky, albeit in an timely [sic] manner: was ineffective assistance of counsel." *Id.* Third, petitioner claims that "no possible tactical consideration justified counsel's failure to request motion." *Id.* at 5. Lastly, petitioner claims that trial counsel's failure to introduce evidence that he had registered as a sex offender in Kentucky "may have affected the Judge's consideration of

---

[4] In *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), the California Supreme Court held that in cases charged under the Three Strikes Law, a court could exercise the power to dismiss prior convictions at sentencing in the furtherance of justice.

[5] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

5

the case to strike priors." *Id.*[6]  Together, these allegations constitute one claim of ineffective assistance of trial counsel.

Petitioner argues that the introduction of evidence that he registered as a sex offender in Kentucky "would have bolstered the *Romero* motion that counsel did make immeasurably because it would have demonstrated that while petitioner was disorganized in his establishment of his new residence in Kentucky, he was not hiding from the authorities, which registration is designed to prevent." *Id.* at 21.  Petitioner also states that a "factor" at the sentencing proceedings was "the allegation that [petitioner] also failed to register in Kentucky when in fact he was only guilty of registering late." *Id.* at 22.  Petitioner states that he informed his trial counsel prior to the sentencing hearing that he had registered as a sex offender in Kentucky. *Id.* at 18.

The California Court of Appeal described the facts surrounding this claim as follows:

> At his sentencing hearing defendant moved, pursuant to *People v. Superior Court (Romero )* (1996) 13 Cal.4th 497 (*Romero*), to have the court strike one or both of his prior strike convictions. The court denied the motion and sentenced him to state prison for 28 years to life.
>
> * * *
>
> Defendant and the People essentially submitted the question of whether the court should strike one or more of defendant's strikes on their written motions.
>
> According to defendant's written motion, to which he attached several letters, he moved to Roseville in anticipation of promised employment and registered his new address with the Department of Motor Vehicles, but he did not register with the police department. When the job failed to materialize, defendant left the state, eventually ending up in Kentucky where he lived for almost a year, first for three months in the home of James Martin and Barbara Hancock and then in a separate residence.

---

[6] These claims were raised for the first time in petitioner's petition for a writ of habeas corpus filed in the California Supreme Court. Resp.'s Lodg. Doc. No. 7. That petition was summarily denied. Lodg. Doc. No. 8.

6

Letters from Martin and Hancock stated that defendant informed them of his criminal past, including his sex offense convictions; that he obtained a job and was hard working and well respected; and that he was active in a "12-step" alcohol recovery program and spoke of becoming a counselor. A letter from friend Sonny Shearer detailed defendant's involvement in Alcoholics Anonymous and observed that he had stayed sober and consistently helped others.

Two letters from persons associated with Pacific Coast Services in San Mateo County, where defendant had worked on a water route prior to his leaving the state, described him as hard working, never receiving a customer complaint, and being the subject of several complimentary customer calls.

Citing to the probation officer' report, defendant claimed that about 17 years ago, when he was 25 years old, he had been diagnosed with HIV and was now expected to live only three to five more years with an increasing need for medical care.

Defendant's 1997 conviction for failure to register (§ 290) was based upon his move from East Palo Alto to Redwood City. Although he registered his new address with the Redwood City Police Department, he failed to inform the East Palo Alto Police Department of the move.

The People's opposition to defendant's *Romero* motion noted that defendant's prior strike convictions were for forcible rape (1985) and attempted murder (1989). For these offenses he was sentenced to state prison for six and 13 years, respectively. Additionally, the latter conviction was based upon a negotiated plea wherein a forcible rape charge was dismissed.

As to defendant's 1997 conviction for failure to register, the San Mateo County Probation Officer's report stated that although defendant had pled no contest to the charge, the case also involved defendant's having become "obsessively involved with two young, adolescent females."

Defendant's record also shows that from the time he was convicted of forcible rape (March 1985) until he was discharged from parole in July 2001, a period of over 16 years, he was either incarcerated or on parole and incurred parole violations. Defendant committed the instant offense only eight months after being discharged from parole.

Opinion at 3-6.

To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of

7

reasonableness. *See Strickland*, 466 U.S. at 687-88. After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*. at 690; *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). Second, a petitioner must establish that he was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Although petitioner states that he registered as a sex offender in Kentucky, there is no independent evidence in the court file that he did so. In his petition for writ of habeas corpus filed in the California Supreme Court, petitioner declared that he was attaching a copy of a "registration form indicating that I registered as a sex offender in Kentucky." Pet. at 24. However, no such form was attached. Petitioner filed a request for discovery in the instant case seeking to obtain the Kentucky registration form from his trial counsel, but the request itself reflects that petitioner's file was destroyed and his trial counsel no longer had any documents relating to his case. *See* Dckt. No. 35. There is also no independent evidence that petitioner informed his trial counsel he had registered as a sex offender in Kentucky. Under these circumstances, petitioner has failed to demonstrate any deficiency in trial counsel's performance at the sentencing proceedings.

Even assuming *arguendo* that petitioner registered as a sex offender in Kentucky and that his trial counsel was deficient in failing to introduce evidence of that registration, petitioner has failed to demonstrate prejudice. There is no evidence before the court that the sentencing judge would have struck any of petitioner's prior conviction allegations even if he had been informed that petitioner filed an untimely registration form in Kentucky.

/////

On direct appeal, petitioner argued that the trial court abused its discretion in failing to strike one or more of his prior strike convictions. In denying that claim, the California Court of Appeal summarized petitioner's record:

> While the factors cited by defendant certainly are favorable, they fall far short of removing him from the "spirit" of the three strikes law. Defendant's prior strikes were for forcible rape and attempted murder, with the latter conviction arising out of a second charge of forcible rape. While on parole, defendant became involved with two young females, inappropriately touching one and following another to her place of employment. Defendant also was told to move from his residence in East Palo Alto by the man with whom defendant was living because he had allegedly exposed himself to the man's girlfriend. From the time of his rape conviction in 1985 until his discharge from parole in 2001, defendant was either incarcerated or on parole and had incurred parole violations. Within eight months of being discharged from parole, defendant committed the instant violation, left the state without notice, and kept his whereabouts unknown to any law enforcement authorities until his arrest in June 2003.

Opinion at 6-7. The court concluded,

> Consequently, notwithstanding the recent favorable factors cited by defendant, his overall record shows that he must be considered a danger to society and cannot be counted on to keep law enforcement aware of his location. There was no abuse of discretion by the court in refusing to strike either of defendant's prior strike convictions.

*Id.* at 7.

Petitioner's argument that the trial judge might have granted the *Romero* motion if he had known that petitioner filed an untimely registration form in Kentucky is based on pure speculation and is highly unlikely given petitioner's criminal record, described above. Indeed, after hearing the arguments of counsel, the trial court summarily denied petitioner's *Romero* motion, stating only: "The Court does not find any reason why there should be a strike of any of the prior convictions, prior strike convictions, and the motion to strike those would be denied." Resp.'s Lodg. Doc. No. 9, at 171. Further, as respondent points out, in considering a *Romero* motion, a sentencing court "must consider whether, in light of the nature and circumstances of

his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." *People v. Carmony*, 33 Cal.4th 367, 377 (2004) (quoting *People v. Williams*, 17 Cal.4th 148, 161 (1998)). Thus, "the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so." *Carmony*, 33 Cal.4th at 378. Further, "the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." *Id.* The trial court's discretion to strike petitioner's prior felony conviction allegations was limited by these principles.

On this record, this court does not find a reasonable probability that, but for counsel's deficient performance, the result of the sentencing proceedings would have been different. The state court decision denying petitioner's claim of ineffective assistance of counsel is not contrary to or an unreasonable application of *Strickland*. Accordingly, petitioner is not entitled to relief on this claim.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11